IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSIAH HALL, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-24-1909 |
| ABERDEEN PROVING GROUND FEDERAL CREDIT UNION, | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Pro se Plaintiff Josiah Hall filed an Amended Complaint against Aberdeen Proving Ground Federal Credit Union ("Aberdeen"). (ECF No. 10.) Currently pending before the Court are Aberdeen's Motion for Partial Dismissal or Summary Judgment (ECF No. 14) and Hall's Motion to Strike Affirmative Defenses (ECF No. 18). Both Motions will be denied.

**I.   Background**

Hall alleges that in June 2022, he noticed "significant inaccuracies" in his credit card account with Aberdeen, which included "inflated balances and a failure to mark the account as disputed." (ECF No. 10 ¶ 2.) He also explains that there were "incorrect late payments" on a loan account and "inflated balances" on another credit card account. (*Id.*) He states that the "errors adversely affected [his] credit score and his ability to obtain credit." (*Id.*) Hall alleges that around June 20, 2022, he sent letters to Aberdeen "disputing the inaccurate information on all relevant accounts" and that Aberdeen failed to correct the inaccuracies, and abruptly closed his account in October 2022. (*Id.* ¶ 3.)

Hall further alleges that on November 3, 2022, he initiated arbitration with the American Arbitration Association ("AAA") pursuant to the arbitration provision in his credit card agreement

with Aberdeen. (*Id.* ¶ 5.) He alleges that Aberdeen "refused to pay the required arbitration fees, thereby preventing the arbitration from moving forward" and that AAA closed the arbitration on December 7, 2022 due to Aberdeen's failure to pay the necessary fees. (*Id.* ¶¶ 5–6.) Hall argues that this deprived him of the opportunity to resolve his disputes through arbitration and resulted in further harm. (*Id.* ¶ 7.)

Hall alleges that Aberdeen violated various provisions of the Fair Credit Reporting Act ("FCRA") (Count I) and that Aberdeen breached its contract with him (Count II). (*Id.* at 4–5.) With respect to the breach of contract claim, Hall alleges that Aberdeen entered into a contract with him that required disputes relating to his credit accounts to be resolved through arbitration, and that it breached that contract when it failed to pay AAA. (*Id.* at 5.)

## II. Aberdeen's Motion

Aberdeen raises two arguments in support of its Motion: (1) the contract claim is preempted by FCRA and (2) the contract claim is precluded by a prior action in state court. (*See generally* ECF No. 14-1.) Aberdeen's arguments are unavailing, and the Motion will be denied.

### A. Legal Standard

As an initial matter, the Court will review documents outside of the pleadings in resolving Aberdeen's Motion. As provided in Federal Rule of Civil Procedure 12(d), "[i]f, on a motion under Rule 12(b)(6)[], matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Aberdeen's Motion is styled as one to dismiss under Rule 12(b)(6) or, in the alternative, for summary judgment under Rule 56. "[W]hen the movant expressly captions its motion 'in the alternative' as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court 'does not have an obligation to notify parties of the obvious.'" *Pevia v. Hogan*, 443 F. Supp. 3d 612, 626 (D. Md.

2020) (quoting *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998)). Hall has not opposed the Court's review of documents outside of the pleadings (and indeed has attached additional documents to his opposition). The Court will therefore review documents outside of the pleadings in resolving the Motion, and accordingly apply the Rule 56 standard for summary judgment.

### B. Preemption

Aberdeen's preemption argument fails. Aberdeen argues that FCRA contains preemption provisions and that "state law claims involving 'reporting of inaccurate credit information . . . run[] into the teeth of the FCRA preemption provision.'" (ECF No. 14-1 at 3 (citing *Ross v. F.D.I.C.*, 625 F.3d 808, 813 (4th Cir. 2010)).) Aberdeen's argument fails for several reasons.

Most importantly, the alleged breach here is the failure to arbitrate, not the credit reporting inaccuracies. (*See* ECF No. 10 at 6 (Hall alleging that Aberdeen "materially breached the contract by failing to pay the required arbitration fees, thereby preventing the arbitration from proceeding").) Thus, Aberdeen's argument fails on this basis alone.

Further, Aberdeen's entire preemption argument is confined to two sentences. (*See* ECF No. 14-1 at 3–4.) And not only does Aberdeen misquote *Ross*, leaving out important context, Aberdeen does not grapple at all with the case law that suggests that only a limited set of state law claims are preempted by FCRA. *See, e.g., Nichols v. Synchrony Bank*, Civ. No. 22-00565, 2023 WL 2474216 (W.D. Va. Mar. 13, 2023). As the district court explained in *Nichols*, FCRA contains "two seemingly conflicting preemption clauses" and "nearly every district court in the Fourth Circuit . . . has reconciled the conflict between these two preemption provisions by adopting the 'statutory approach'—holding that § 1681t(b)(1)(F) only applies to state statutory claims and that § 1681h(e) only addresses state common law claims." *Id.* at 3–4. As is relevant here, 15 U.S.C. § 1681h(e) only prohibits actions "in the nature of defamation, invasion of privacy, or negligence

with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency." Hall has brought a common law breach of contract claim, not a defamation, invasion of privacy, or negligence claim. Accordingly, the Court will not dismiss Count II on the basis of preemption.

### C. Preclusion

Aberdeen's preclusion argument with respect to Hall's breach of contract claim fares no better, and the Court agrees with Hall's argument that Aberdeen's argument is "baseless and misleading." (*See* ECF No. 17 at 2.)

Aberdeen argues that Hall's breach of contract claim is precluded because Hall brought a breach of contract claim based on Aberdeen's failure to arbitrate his credit report dispute in the District Court for Harford County. (ECF No. 14-1 at 4.) Aberdeen explains that "the trial judge denied [Hall's] arbitration delay damages claim and ordered the parties to arbitration." (*Id.* at 5.) Aberdeen explains that "a final judgment on the merits on Mr. Hall's breach of contract / failure to arbitrate claim was entered on June 30, 2023." (*Id.* at 5–7.)

Aberdeen misrepresents what occurred in state court, and omits critical facts. Aberdeen is incorrect that a final judgment on the merits was entered on June 30, 2023 with respect to Hall's contract claim. The transcript of the hearing in the District Court for Harford County reflects that the judge generally described to Hall (who was proceeding pro se in the state court proceeding) what Hall would need to prove with respect to contract damages. (ECF No. 14-5 at 4.) The judge then stated: "I'm just telling you that's my understanding of the law, and *that's how I would rule*." (*Id.*) The judge then goes on to describe the order he will issue, stating: "Defendant unfairly and mistakenly denied request for arbitration multiple times. Request by plaintiff multiple times for arbitration. Order, defendant to provide arbitration within 30 days to which both parties have

agreed." (*Id.* at 5.)[1] In short, nothing from the hearing indicates that the judge issued any order or judgment on the merits with respect to Hall's contract claim, contrary to Aberdeen's assertions. Rather, the state court was silent as to Hall's contract claim, and ordered the parties to arbitration.

Aberdeen also omits the critical fact that the case was voluntarily dismissed without prejudice. In the various exhibits attached by Aberdeen, none reflect the outcome of the case: that in August 2023, Hall voluntarily dismissed the case, and that that the case was dismissed without prejudice. (*See* ECF No. 14-3 (Hall's state court complaint); ECF No. 14-5 (state court transcript).) The documents provided by Hall, on the other hand, reflect this fact. (*See* ECF No. 17-1 at 4 (docket sheet reflecting that "[a]t the request of Plaintiff Josiah Hall, the case was dismissed without prejudice").)

Hall aptly points out that res judicata bars only those claims where there has been a final judgment on the merits. There was no final judgment on the merits in the state court action, and this fact is fatal to Aberdeen's argument. *See Moore v. Pomory*, 620 A.2d 323, 325 (Md. 1993) ("The effect of the designation 'without prejudice' is simply that there is no adjudication on the merits and that, therefore, a new suit on the same cause of action is not barred by principles of res judicata."); *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 473 (4th Cir. 1993) ("Dismissals without prejudice do not bar subsequent suits by res judicata.").

Accordingly, Aberdeen's Motion will be denied. Aberdeen's counsel is reminded of her ethical and professional responsibilities, and is forewarned not to make further misrepresentations to the Court.

### III. Hall's Motion

Hall seeks an order striking Aberdeen's affirmative defenses. (*See* ECF No. 18.) Federal

---

[1] The Court notes that it appears that neither party seeks arbitration at this time.

Rule of Civil Procedure 12(f), which governs motions to strike, provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." As this Court has previously explained:

> Rule 12(f) motions are disfavored and "generally will be not granted [for immateriality] unless the challenged allegations have no possible or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to a party." *Gilman & Bedigian, LLC v. Sackett*, 337 F.R.D. 113, 117 (D. Md. 2020). Nevertheless, motions to strike will be granted when the movant meets its burden of proving that the challenged material is immaterial and prejudicial. *Chapman v. Duke Energy Carolinas, LLC*, Civ. No. 3:09-37RJC, 2009 WL 1652463, at *3 (W.D.N.C. June 11, 2009).

*Fitchett v. Spartech, LLC*, 634 F. Supp. 3d 241, 243 (D. Md. 2022). Here, while the Court agrees with Hall that certain of Aberdeen's defenses are likely unavailing (such as the affirmative defense of lack of standing and, as already discussed, res judicata and preemption), they have a possible or logical connection to the subject matter and there is no evidence that their presence causes significant prejudice to Hall. *See Gilman*, 337 F.R.D. at 117.

Accordingly, Hall's Motion will be denied.

### IV. Conclusion

For the foregoing reasons, it is ORDERED that:

1. Aberdeen's Motion for Partial Dismissal or Summary Judgment (ECF No. 14) is DENIED; and

2. Hall's Motion to Strike Affirmative Defenses (ECF No. 18) is DENIED.

DATED this 12 day of November, 2024.

BY THE COURT:

James K. Bredar
United States District Judge